IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nomo Agroindustrial SA DE CV, | ) No. CV 05-351-TUC-FRZ |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Enza Zaden North America, Inc., et al., | ) |
| Defendants. | ) |

On September 28, 2009, the Court held a pretrial conference with the parties pertaining to the jury trial set for October 27, 2009. At the pretrial conference, the Court discussed an issue raised by the parties in the proposed Joint Pretrial Order ("PTO") pertaining to whether Plaintiff's claim for breach of the implied covenant of good faith and fair dealing could properly be asserted at trial. *See* Doc. #241. The Court ordered the parties to submit briefs on this issue which were filed with the Court on October 15, 2009. Upon review of the briefs, the record, and the pertinent authority, the Court finds that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing can not proceed at trial.

In the PTO, Plaintiff asserted for the first time in this case that Defendants were liable for breach of the implied covenant of good faith and fair dealing. Plaintiff argues that the implied covenant of good faith and fair dealing can proceed at trial as the implied covenant of good faith and fair dealing is implied in every contract under Arizona law, it has asserted a breach of contract claim throughout this case, and that the remedy for a breach of the

implied covenant of good faith and fair dealing is an action for breach of contract. In contrast, Defendants argue that this claim can not be asserted at trial as Plaintiffs never pled this claim in their Complaint and this claim was never at issue in this case until Plaintiff explicitly asserted it for the first time in the PTO which was filed more than three years after the Complaint was initially filed.

Under Arizona law, a plaintiff may recover contract based damages if it proves that a defendant breached the implied covenant of good faith and fair dealing. *See generally* Arizona Revised Jury Instructions (Civil) 4th, Contract 16-Good Faith and Fair Dealing. "Arizona law implies a covenant of good faith and fair dealing in every contract . . . [I]mplied terms are as much of a contract as are the express terms . . . The purpose of such terms is so neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship . . . This obligation preserve[s] the spirit of the bargain rather than the letter and guarantees the protection of the parties' reasonable expectations, such being the basic purpose of contract law." *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423 (Ct. App. 2002)(internal quotes and citations omitted). "Arizona law recognizes that a party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain." *Id.* at 424.

The primary problem in this case as to Plaintiff's assertion of breach of the implied covenant of good faith and fair dealing is that this claim is extremely untimely and allowing it to go forward at trial would be very prejudicial to Defendants.[1] The good faith and fair dealing claim was never pled by Plaintiff in its Complaint which was filed in April of 2005 and Plaintiff never moved to amend the Complaint throughout this case. Defendants were

---

[1] The Court notes that Plaintiff retained current counsel in this case long after the original PTO deadline and other deadlines expired in this case; thus, Plaintiff's current counsel can not be faulted for the untimeliness of the claim at issue.

never on proper notice that Plaintiff would actually be pursuing this claim throughout the discovery and dispositive motion phases of this case. The good faith and fair dealing claim was raised for the first time only in the PTO which was long after both the discovery deadline and dispositive motion deadline expired in this case; at that late stage of the case, the Court obviously was not going to reopen discovery and allow further dispositive motions. Plaintiff never put Defendants on proper notice as to how they allegedly breached the implied covenant of good faith and fair dealing, Defendants never had the opportunity to properly explore this issue via discovery and dispositive motions, and therefore they would clearly be prejudiced at trial if the Court allowed the untimely claim to go forward. In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff is prohibited from presenting its claim for breach of the implied covenant of good faith and fair dealing at trial.

DATED this 20th day of October, 2009.

FRANK R. ZAPATA
United States District Judge